UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLADYS D. DALLAS,

        Plaintiff,

        v.                                      Case No. 18-C-1657

TEHASSI HILL,
BRANDON STEVENS,
TRISH KING,
LISA SUMMERS,
DANIEL GUZMAN KING,
DAVID P. JORDAN,
KIRBY METOXEN,
ERNIE STEVENS III, and
JENNIFER WEBSTER,

        Defendants.

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

      Plaintiff Gladys D. Dallas, who is currently representing herself, filed the instant action alleging that the defendants, who are members of the Oneida Business Committee, violated her rights under the First Amendment of the United States Constitution and Article VII of the Oneida Constitution when the Committee refused to convene a meeting of the Oneida Nation's General Tribal Council so that Dallas could address the Council regarding her petition for a $5,000 per capita distribution to the tribal membership. Dallas filed an amended complaint on November 14, 2018. Presently before the court is the defendants' motion to dismiss the amended complaint for lack of federal jurisdiction and for failure to state a claim. For the following reasons, the motion will be granted and the case dismissed.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure "tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988). If material factual allegations are contested, the proponent of federal jurisdiction must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sedowski*, 441 F.3d 536, 543 (7th Cir. 2006). When the moving party "launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks and citations omitted).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from

them in a light most favorable to the plaintiff. *Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ALLEGATIONS OF THE AMENDED COMPLAINT

The Oneida Nation is a federally recognized Indian tribe. *See* 83 Fed. Reg. 4235, 5238 (Jan. 30, 2018). Dallas is a member of the Oneida Nation. The defendants, who are also members of the Oneida Nation, currently serve as members of the Oneida Business Committee, a nine-person board elected by the qualified voters of the Nation to exercise executive and legislative functions pursuant to the Nation's Constitution. In April 2018, Dallas submitted a petition requesting that the Committee call a meeting of the General Tribal Council to consider the issuance of a $5,000 per capita payment to every enrolled member of the Nation within 45 days. On June 8, 2018, the Nation's Finance Administration issued a fiscal impact statement regarding the effects of Dallas' petition. It determined that in April 2018, there were 17,261 enrolled tribal members. As a result, it would cost approximately $86,305,000 to make a per capita payment of $5,000 to every tribal member. Ex. to Am. Compl., ECF No. 11-1 at 16–17. The Finance Administration also noted that it would cost approximately $244,921 to hold a General Tribal Council meeting regarding Dallas' petition. *Id.* at 17. Based on the Financial Impact Statement presented to the Oneida Business Committee, the Committee issued a public notice on June 29, 2018, indicating that it would not convene a General Tribal Council meeting on Dallas' per capita petition because "the Nation does not have the funds to make the suggested payment, the payment cannot be made within the requested time period, and in order to try to make such a payment, it would take almost two years to earn and accumulate the funds." *Id.* at 30.

Dallas alleges that the defendants acted outside the scope of their authority by refusing to convene a meeting of the Nation's General Tribal Council so that Dallas could address the Council

regarding her petition. Dallas alleges that the Committee's refusal to convene a meeting violates her right to freedom of speech under the First Amendment to the United States Constitution, the corresponding provision of the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301–1303, and Article VII of the Oneida Nation Constitution. Dallas asserts her claims are actionable under federal civil rights statutes, 42 U.S.C. §§ 1983 and 1985.

## ANALYSIS

The defendants argue that Dallas' amended complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim. The defendants also assert that Dallas' claims are barred by tribal sovereign immunity. Because the court finds that Dallas' claims should be dismissed for lack of federal jurisdiction and for failure to state a claim, the court will not address the defendants' remaining arguments.

Federal courts, as courts of limited jurisdiction, have subject matter jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States," subject to those limitations imposed by Congress. 28 U.S.C. § 1331. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). After reviewing the amended complaint in this case, the court finds that neither the United States Constitution nor any federal statute provides a basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or that Dallas' right to relief necessarily depends on a resolution of federal law.

As an initial matter, the First Amendment does not provide a basis for jurisdiction because it does not apply to Indian tribes and tribal officials. "As separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional

4

provisions framed specifically as limitations on federal or state authority." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978); *see also Nevada v. Hicks*, 533 U.S. 353, 383–84 (2001) (Souter, J., concurring) ("Indian tribes are not states of the union within the meaning of the Constitution, and the constitutional limitations on states do not apply to tribes." (internal citations omitted)). In *Native American Church of North America v. Navajo Tribal Council*, 272 F.2d 131 (10th Cir. 1959), the Tenth Circuit was faced with the issue of whether the First Amendment and Fourteenth Amendment apply to Indian tribes. In that case, the Native American Church of North America filed an action against the Navajo Tribal Council, seeking to enjoin the enforcement of an ordinance adopted by the Council making it an offense to introduce into the Navajo country a bean known as peyote. The Church used peyote as part of its religious ceremonies and alleged that the ordinance violated its rights and the rights of its members under the First, Fourth, and Fifth Amendments to the United States Constitution. *Id.* at 132. The district court dismissed the action, and the Church appealed. The Tenth Circuit held that the First and Fourteenth Amendments do not apply to Indian tribes. "The First Amendment applies only to Congress," the court reasoned, and "limits the powers of Congress to interfere with religious freedom or religious worship." *Id.* at 134. The First Amendment "is made applicable to the States only by the Fourteenth Amendment." *Id.* "Thus construed," the court explained, "the First Amendment places limitations upon the action of Congress and of the States." *Id.* Because Indian tribes are not States, and "[n]o provision in the Constitution makes the First Amendment applicable to Indian nations nor is there any law of Congress doing so," the court concluded that it thus follows that neither, under the Constitution or the laws of Congress, do the Federal courts have jurisdiction of tribal laws or regulations." *Id.* at 135. In short, because the First Amendment does not apply

to the Nation and its tribal officers, the First Amendment does not provide a basis for federal question jurisdiction.

In addition, the ICRA does not provide a basis for federal jurisdiction. Although the ICRA imposes "certain restrictions upon tribal governments similar, but not identical, to those contained in the Bill of Rights and Fourteenth Amendment," *Santa Clara*, 436 U.S. at 57, there is no private cause of action against tribal officers based on the ICRA, other than habeas corpus to challenge the legality of a tribe's detention order. *See id.* at 64, 69–70 ("Creation of a federal cause of action for the enforcement of rights created in Title I [of the ICRA] . . . would be at odds with the congressional goal of protecting tribal self-government." (citation omitted)). "Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians" under the ICRA. *Id.* at 65. In this case, Dallas is not seeking a writ of habeas corpus. Because Dallas does not have a private cause of action against the Committee, the ICRA does not provide a basis for federal question jurisdiction in this case.

Dallas also cannot obtain relief under 42 U.S.C. §§ 1983 or 1985. Section 1983 imposes civil liability on any person who, under color of state or territorial law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The purpose of § 1983 is to "provide compensatory relief to those deprived of their federal rights by state actors." *Felder v. Casey*, 487 U.S. 131, 141 (1988). Dallas alleges that the defendants acted under color of territorial law in depriving her of her right to address the Council. But the Nation is not a territory organized under the laws of the United States. *See Cherokee Nation v. Georgia*, 30 U.S. 1, 17 (1831) ("The Supreme Court has

6

defined Indian Tribes as 'domestic dependent nations.'"). It is clear that the Committee acted under color of tribal law in deciding to deny Dallas' request to convene a General Tribal Council meeting regarding her petition. "A § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.'" *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) (quoting *R.J. Williams Co. v. Ft. Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983)). Accordingly, § 1983 does not provide a basis for federal jurisdiction.

Dallas alleges that the defendants conspired to interfere with her civil rights in violation of 42 U.S.C. 1985. Section 1985 addresses conspiracies to prevent an officer of the United States from discharging duties, conspiracies to obstruct or intimidate a party, witness, or juror in a court of the United States; and conspiracies to deprive a person or class of people equal protection of the laws, equal privileges and immunities, and voting rights. 42 U.S.C. §§ 1985(1)–(3). In this case, Dallas is not a government official and is not a party, witness, or juror; therefore, § 1985(1) and § 1985(2) do not apply to her case. A § 1985(3) claim does not create a claim for just any conspiracy. Instead, to assert a claim under § 1985(3), a plaintiff must allege, "first, that the defendants conspired; second, that they did so for the purpose of depriving any person or class of persons the equal protection of the laws; and third, that the plaintiff was injured by an act done in furtherance of the conspiracy." *Hartman v. Bd. of Trustees of Community College Dist. No. 508*, 4 F.3d 465, 469 (7th Cir. 1993) (citation omitted). Dallas does not allege facts indicating that the defendants conspired for the purpose of depriving her equal protection of the laws. Accordingly, Dallas has failed to state a claim under § 1985.

Finally, the defendants argue that the court lacks jurisdiction over Dallas' Article VII claim because federal courts lack jurisdiction to hear claims based on tribal law. *See Runs After v. United States*, 766 F.2d 347, 352 (8th Cir. 1985) (concluding resolution of disputes involving

7

questions of interpretation of a tribal constitution and tribal law are not within the district court's jurisdiction). The court agrees that these disputes are within the jurisdiction of the tribal courts. *See Talton v. Mayes*, 163 U.S. 376, 385 (1896) (Construction of tribal law is "solely a matter within the jurisdiction" of the tribal courts); *Basil Cook Enters., Inc. v. St. Regis Mohawk Tribe*, 117 F.3d 61, 68 (2d Cir. 1997) ("These constitutional questions are, for good reason, matters of tribal law reserved to the tribal judiciary to resolve." (citing *Santa Clara*, 436 U.S. at 55–56 (Native American tribes have the authority to craft their own substantive law governing internal matters and to enforce that law in their own fora))). Accordingly, Dallas' claims under Oneida law do not provide a basis for federal jurisdiction. For these reasons, Dallas' amended complaint must be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

## CONCLUSION

The defendants' motion to dismiss (ECF No. 15) is **GRANTED**, and the case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of January, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court